**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-4190**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAIRTON AURELIO GRANDOS-ARREDONDO, a/k/a Jair,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (CR-03-14)

_____

Submitted: December 28, 2005          Decided:  March 8, 2006

_____

Before WILLIAMS, MOTZ, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Aaron E. Michel, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jairton Grandos-Arredondo was found guilty after a jury trial for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841 (2000), and possession with intent to distribute a quantity of cocaine, and the aiding and abetting of such, in violation of 18 U.S.C. §§ 2, 841 (2000). He challenges the search of his vehicle, admission of evidence regarding a 1993 traffic stop, and the constitutionality of the sentencing enhancement under 18 U.S.C. § 841(b) (2000). Finding no error, we affirm.

Grandos-Arredondo argues on appeal that his vehicle was seized without a warrant, that Ms. Melissa Rodriguez did not give valid consent to search the vehicle, and that the exception to the warrant requirement for automobiles did not apply because the car was parked in the curtilage of a private residence. This court reviews the district court's factual findings underlying a motion to suppress ruling for clear error, and the district court's legal determinations de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Bush, 404 F.3d 263, 275 (4th Cir. 2005). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the government. United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005).

An essential element to a successful challenge of a search or seizure on Fourth Amendment grounds is the existence of

a legitimate expectation of privacy.  United States v. Salvucci, 448 U.S. 83, 92-93 (1980).  There is, however, no recognition of the legitimacy of a defendant's expectation of privacy where the area searched is in the control of a third party.  Rakas v. Illinois, 439 U.S. 128, 132-33 (1978).  Fourth Amendment rights are personal rights and may not be vicariously asserted.  Id. at 133-34.  A person who is aggrieved by an illegal search or seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed.  Id. at 134.

Thus, Grandos-Arredondo may not assert Rodriguez's Fourth Amendment rights.  Even assuming the officers did not obtain voluntary consent from Rodriguez, Grandos-Arredondo had no expectation of privacy in the premises or curtilage over which Rodriguez had control.  Thus, we conclude that Grandos-Arredondo had no standing to challenge Rodriguez's consent and, therefore, the information gained from the search and seizure of the car was properly admitted.

Grandos-Arredondo also argues that the district court erred in admitting evidence relating to a 1993 traffic stop and seizure of drugs found concealed in a headrest in the vehicle.  The district court admitted the evidence under Federal Rule of Evidence 404(b).  On appeal, Grandos-Arredondo does not challenge admission of the evidence under Rule 404(b), but rather on Fourth Amendment

grounds. Grandos-Arredondo did not make a specific challenge to the legality of the search before the district court and his Fourth Amendment challenge is not cognizable in the face of a guilty plea to the offense. See Tollett v. Henderson, 411 U.S. 258, 267 (1973) ("A defendant who enters a guilty plea waives the right to raise a constitutional challenge to his or her conviction.")

Further, the evidence was admissible under Fed. R. Evid. 404(b). Rule 404(b) prohibits the admission of evidence of other bad acts solely to prove a defendant's bad character, but such evidence may be admissible for other purposes, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b); see also United States v. Hodge, 354 F.3d 305, 311-12 (4th Cir. 2004). The decision of the district court to admit such evidence is discretionary and will not be disturbed unless it is arbitrary or irrational. See United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988). Because the contested evidence demonstrated knowledge and absence of mistake, we find that the district court did not abuse its discretion in admitting the challenged evidence.

Finally, Grandos-Arredondo argues that the jury should have made the factual determination that he had qualifying convictions under 21 U.S.C. § 841(b), as outlined in the 21 U.S.C. § 851 (2000) information, and therefore his sentence resulted in

- 4 -

Sixth Amendment error. In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court reaffirmed its prior holding in Apprendi that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S. Ct. at 756. This court has held that the application of the career offender enhancement falls within the exception for prior convictions where the facts were undisputed, making it unnecessary to engage in further fact finding about a prior conviction. United States v. Collins, 412 F.3d 515, 521-23 (4th Cir. 2005); see Shepard v. United States, 125 S. Ct. 1254, 1263 (2005) (holding that a court's inquiry as to disputed facts in connection with a prior conviction is limited to the terms of the charging document, a plea agreement, a transcript of the plea colloquy, or a comparable judicial record).

Although Grandos-Arredondo was not sentenced as a career offender, his argument that, under Booker, the district court violated his Sixth Amendment rights by making impermissible factual findings when it used a prior conviction to enhance his sentence, is foreclosed by Collins. Here, Grandos-Arredondo does not contest the facts about or of his prior conviction that was used to enhance his sentence. Moreover, the district court could determine from the judicial record of Grandos-Arredondo's prior conviction whether

the offense qualified when enhancing his sentence.  As a result, the issue raised by Grandos-Arredondo is a purely legal argument. See United States v. Cheek, 415 F.3d 349, 350 (4th Cir.) (holding that Sixth Amendment not violated when sentence enhanced based on prior convictions that were not charged in indictment or admitted by defendant), cert. denied, 126 S. Ct. 640 (2005).  We therefore conclude that there was no Sixth Amendment violation in this case.

Accordingly, we affirm the judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED